NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5135-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

NASEEM N. ABU-DAYYA, a/k/a ABU
NASEEM N, DAYA NASEEM N,
DAYA NASEEM,

 Defendant-Appellant.
__________________________________________________

 Submitted September 11, 2017 – Decided October 26, 2017

 Before Judges Messano and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County,
 Indictment Nos. 13-02-0126, 13-04-0384, and
 13-12-1103.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Lon Taylor, Assistant Deputy
 Public Defender, on the brief).

 Robert L. Taylor, Cape May County Prosecutor,
 attorney for respondent (Gretchen A.
 Pickering, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM
 A jury acquitted defendant Naseem N. Abu-Dayya of conspiring

with co-defendant Alexander J. Hudson to commit burglary and

burglary but convicted defendant of the lesser-included offense

of fourth-degree theft, N.J.S.A. 2C:20-3(a). The judge sentenced

defendant to 365 days in the county jail.

 On appeal, defendant presents the following arguments for our

consideration:

 POINT I

 THE MOTION FOR A JUDGMENT OF ACQUITTAL OF THE
 THEFT CONVICTION NOTWITHSTANDING THE VERDICT,
 SHOULD HAVE BEEN GRANTED IN LIGHT OF
 ACQUITTALS FOR BURGLARY AND CONSPIRACY, THE
 TRIAL COURT'S DENIAL OF THE STATE'S MOTION TO
 INSTRUCT THE JURY ON RECEIPT OF STOLEN
 PROPERTY, AS WELL AS THE COURT'S ERRONEOUS
 RESPONSE TO A JURY QUESTION REGARDING THEFT.

We have considered these arguments in light of the record and

applicable legal standards. We affirm.

 The victim testified that she returned home from vacation and

found her house burglarized. Approximately $50,000 worth of

various items were missing, including a laptop computer. She

suspected the involvement of Hudson, who lived across the street

and was a cousin to her children.

 Hudson gave a statement to police implicating defendant and

pled guilty to conspiracy and burglary, providing a plea allocution

detailing defendant's involvement. However, when called by the

State as a witness at trial, Hudson recanted and claimed defendant

 2
 A-5135-14T3
was not involved. The judge permitted the State to introduce the

plea allocution as substantive evidence, finding it met the

requirements of State v. Gross, 216 N.J. Super. 98 (App. Div.

1987), aff'd and remanded, 121 N.J. 1 (1990).

 Police arranged for Hudson to call defendant to seek the

return of the laptop computer. They listened in on the phone

conversation, wherein defendant said he had "wiped" the computer

and had already received an offer to sell it to someone else.

Hudson offered more money and defendant agreed to meet him with

the laptop. Detectives drove Hudson to the designated location

on the boardwalk and arrested defendant when he emerged from his

store to meet him. Defendant did not have the computer.

Subsequent searches of defendant's home and business did not

produce any of the stolen items from the victim's home, including

the laptop computer.

 Defendant gave police a formal statement that was played for

the jury in which he denied any involvement and claimed to have

been somewhere else at the time of the burglary. He admitted

speaking to Hudson on the phone, but his version of the

conversation differed completely from what the officers testified

they overheard.

 At the close of the State's case, defendant moved for a

judgment of acquittal, Rule 3:18-1, which the judge denied.

 3
 A-5135-14T3
Defendant objected to the State's request to charge receiving

stolen property, N.J.S.A. 2C:20-7, pursuant to the consolidation

of theft provisions of the Criminal Code, N.J.S.A. 2C:20-2. The

judge agreed and did not give the charge.

 During deliberations, the jury asked "[o]n count three

. . . , theft, does the defendant need to be on the property at

the location [of the victim's home]?" The judge intended to

respond simply in the negative. Defense counsel initially took

no position, but then the parties went to sidebar. Unfortunately,

the conversation at sidebar was indiscernible and not transcribed.

The judge decided to "stick right to the . . . question" asked,

and told the jurors, "No, the defendant does not have to be on the

property." Shortly thereafter, the jury returned the verdicts we

referenced earlier.

 While arguing for bail pending sentence, defense counsel

contended the judge's answer to the jury question was "wrong," and

she intended to file post-verdict motions. She argued that in

light of the acquittal on other charges, the judge's answer

permitted the jury to find defendant guilty of receiving stolen

property, not theft of that property.

 Defendant subsequently moved for judgment notwithstanding the

verdict (JNOV), Rule 3:18-2, or alternatively a new trial, Rule

3:20-1. He claimed the evidence was insufficient to prove beyond

 4
 A-5135-14T3
a reasonable doubt that he committed theft, and the judge's answer

to the jury question was improper. During argument, the judge

clarified what occurred at sidebar prior to responding to the jury

question. Specifically, the judge said defense counsel requested

he recharge the jury on theft; defense counsel agreed with the

judge's recollection. Defense counsel reiterated her argument

that the judge's answer permitted the jury to find defendant guilty

of receiving stolen property, not theft. Finally, defense counsel

argued the judge should vacate the conviction because it was

inconsistent with the jury's decision to acquit defendant of

conspiracy and burglary.

 The judge carefully reviewed the evidence and the standards

applicable to motions for JNOV or a new trial. Regarding the

theft conviction, the judge properly noted, "[p]roof of the

location is not an element of the charge." The judge concluded

the jury could not have convicted defendant of receiving stolen

property because he never provided instructions on that

substantive offense. The judge denied the motions.

 We review of the denial of defendant's motion for acquittal

de novo, applying the same standard used by the trial judge. State

v. Bunch, 180 N.J. 534, 548-49 (2004). "We must determine whether,

based on the entirety of the evidence and after giving the State

the benefit of all its favorable testimony and all the favorable

 5
 A-5135-14T3
inferences drawn from that testimony, a reasonable jury could find

guilt beyond a reasonable doubt." State v. Williams, 218 N.J.

576, 594 (2014) (citing State v. Reyes, 50 N.J. 454, 458-59

(1967)). We "must consider only the existence of such evidence,

not its 'worth, nature, or extent.'" State v. Brooks, 366 N.J.

Super. 447, 453 (App. Div. 2004) (quoting State v. Kluber, 130

N.J. Super. 336, 342 (1974), certif. denied, 67 N.J. 72 (1975)).

 A "judge . . . may grant the defendant a new trial if required

in the interest of justice." R. 3:20-1.

 "The trial judge shall not, however, set aside
 the verdict of the jury as against the weight
 of the evidence unless, having given due
 regard to the opportunity of the jury to pass
 upon the credibility of the witnesses, it
 clearly and convincingly appears that there
 was a manifest denial of justice under the
 law."

 [Ibid.]

 The judge's decision on a motion for a new trial based upon

the insufficiency of the evidence "shall not be reversed unless

it clearly appears that there was a miscarriage of justice under

the law." R. 2:10-1. "[A] motion for a new trial is addressed

to the sound discretion of the trial judge, and the exercise of

that discretion will not be interfered with on appeal unless a

clear abuse has been shown." State v. Armour, 446 N.J. Super.

295, 306 (App. Div. 2016) (quoting State v. Russo, 333 N.J. Super.

119, 137 (App. Div. 2000)).

 6
 A-5135-14T3
 Defendant asserts the inconsistency of the verdicts requires

reversal. However,

 "[i]n reviewing a jury finding, we do not
 attempt to reconcile the counts on which the
 jury returned a verdict of guilty and not
 guilty. . . . Instead, we determine whether
 the evidence in the record was sufficient to
 support a conviction on any count on which the
 jury found the defendant guilty."

 State v. Muhammad, 182 N.J. 551, 578 (2005)
 (citations omitted).

 "We do not speculate whether verdicts resulted from jury

lenity, mistake, or compromise." Ibid.; see also State v. Grey,

147 N.J. 4, 11 (1996) (noting inconsistent verdicts may have

"resulted from jury lenity, compromise, or mistake not adversely

affecting the defendant").

 "Review of the sufficiency of the evidence on the guilty

verdict[s] is independent of the jury's determination that

evidence on another count[s] was insufficient." State v. Petties,

139 N.J. 310, 319 (1995) (citing United States v. Powell, 469 U.S.

57, 67, 105 S. Ct. 471, 478, 83 L. Ed. 2d 461, 470 (1984)). "Each

count in an indictment is regarded as if it was a separate

indictment." Muhammad, supra, 182 N.J. at 578 (citations omitted).

 To prove defendant guilty of theft, the State needed to prove

he knowingly "took or unlawfully exercised control" of the victim's

property with an intent to deprive her of it. See Model Jury

Charge (Criminal), "Theft Of Movable Property" (2008) (emphasis

 7
 A-5135-14T3
added). The judge cited the testimony regarding the overheard

conversation, in which defendant admitted that he had the victim's

computer, "wiped" it clean and intended to sell it. We agree

fully with the judge that the evidence supported the jury's finding

of defendant's guilt beyond a reasonable doubt.

 Defendant cites to Grey and State v. Branch, 301 N.J. Super.

307, 329-33 (App. Div. 1997), rev'd 155 N.J. 317 (1998), but those

cases are inapposite. In each, the jury convicted the defendant

of felony murder but not the underlying felony, a necessary element

of felony murder. Grey, supra, 147 N.J. at 17; Branch, supra, 155

N.J. at 319.

 Defendant incorrectly claims that because the jury concluded

he did not "take" the laptop computer, he could only be guilty of

receiving stolen property, a crime the judge correctly refused to

charge, in part, because defendant was not on notice of the charge.

As we have already said, one can be guilty of theft through the

knowing and unlawful exercise of control over property,

accompanied by the requisite intent to permanently deprive its

owner.

 The balance of defendant's arguments not otherwise

specifically addressed lack sufficient merit to warrant

discussion. R. 2:11-3(e)(2).

 Affirmed.

 8
 A-5135-14T3